**William R. SYRJALA, Plaintiff,**

v.

**TOTAL HEALTHCARE SOLUTIONS, INC., Robert T. McGovern, Defendants.**

**Civ.A. No. 98–11745–NG.**

United States District Court, D. Massachusetts.

May 20, 1999.

---

Stephen M. Voltz, Voltz & Nathan, Franklin, MA, for plaintiff.

Ian Crawford, Todd & Weld, Boston, MA, David R. Scott, Scott & Scott LLC, Colchester, CT, for defendants.

### *MEMORANDUM AND ORDER IMPOSING SANCTIONS ON DEFENDANTS' COUNSEL AND LOCAL COUNSEL*

COLLINGS, United States Chief Magistrate Judge.

#### *I. Introduction*

Local Rule 37.1 of the Local Rules of the United States District Court for the District of Massachusetts provides as follows:

#### RULE 37.1 DISCOVERY DISPUTES

(A) Before filing any discovery motion, including any motion for sanctions or for a protective order, counsel for each of the parties shall confer in good faith to narrow the areas of disagreement to the greatest possible extent. It shall be the responsibility of counsel for the moving party to arrange for the conference. Conferences may be conducted over the telephone. Failure of opposing counsel to respond to a request for a discovery conference within seven (7) days of the request shall be grounds for sanctions, which may include automatic allowance of the motion.

(B) If (I) opposing counsel has failed to respond to a request for a discovery conference within the seven day period set forth in subdivision (A), (II) opposing counsel has failed to attend a discovery conference within fourteen (14) calendar days of the request, or (III) if disputed issues are not resolved at the discovery conference, a dissatisfied party may file a motion and

supporting memorandum. The motion shall include a certificate in the margin of the last page that the provisions of this rule have been complied with. The memorandum shall state with particularity the following:

(1) If a discovery conference was not held, the reasons why it was not.

In the instant case, the Court is faced with a situation in which both defendants' counsel and local counsel have violated both the letter and the spirit of this rule.

The *dramatis personae* are (1) Stephen Voltz, Esquire ("Voltz"), counsel for the plaintiff, (2) Ian Crawford, Esquire ("Crawford"), local counsel for the defendants, (3) David R. Scott, Esquire ("Scott") of the law firm of Scott & Scott of Colchester, Connecticut, counsel for the defendants, and (4) Brian J. Robbins, Esquire ("Robbins"), an attorney with the law firm of Scott & Scott.[1]

## II. The Facts (Part I)

On Friday, March 26, 1999, Voltz faxed a letter to Scott concerning a number of matters. In the letter, Voltz noted that he, like Scott, would be out of the office during the week of March 28th. He further inquired as to scheduling a Rule 26(f) conference on April 7th and conferencing the defendants' objections to plaintiff's interrogatories on the same date. On March 26th, Scott faxed back a letter in response saying "I will let you know on Wednesday, March 31 if Wednesday, April 7 is a good day for the 26(f) meeting."

On March 26, 1999, Voltz also sent Scott, presumably by regular mail, notices of depositions for one Tyagi, a member of the Board of the defendant corporation, and one McGehe. The depositions were for May 6 and 20, 1999. Voltz did not mention that these were on their way to him in his faxed letter of March 26th.[2]

The copies of the deposition notices were evidently received in the office of Scott & Scott on March 29th or March 30th. On

Tuesday, March 30th, Robbins left a voice mail on Voltz's answering machine. Robbins does not say in his affidavit what message was left; Voltz avers in his affidavit that the message, which he picked up from his machine on March 31st, was a request that Voltz call him "... to discuss the notices of deposition he had just received for the Tyagi and McGehe depositions." *See* # 42, ¶ 12. Voltz further asserts that if Robbins was calling to request a conference in connection with the Local Rules, he figured that he could return the call on April 5th since Local Rule 37.1(A) provided that he had seven days to confer with Scott or Robbins before the defendants could file a motion for protective order. *Id.* at ¶ 13.

Not having heard from Voltz, Robbins faxed Voltz a one-page letter on March 30th stating that he intended to file a motion for protective order with respect to the depositions for certain enumerated reasons. The last paragraph of the letter read "[i]f you wish to withdraw your notices of these depositions, we will not file this motion. If we do not hear from you by April 2nd, we will assume that you intend to proceed with these depositions." *See* # 41, Exh. 1.

On Friday, April 2nd, the motion for protective order (# 27) was served by mail on Voltz who received it when he returned to his office on Monday, April 5th. The motion was actually filed in the Court on April 5th at 12:03 P.M.

## III. Analysis (Part I)

■ The filing of the motion on April 5th was a violation of Local Rule 37.1 which prohibits the filing of a motion for a protective order until a period of seven days has elapsed from the request for a discovery conference. Even if Robbins' voicemail and fax of March 30th could be considered a request for a conference, a point I need not decide,[3] the April 5th filing was improper. Under Rule 6(a), Fed.R.Civ.P., which governs computation of time periods allowed by

---

1. Attorney Robbins has not entered his appearance in this case.

2. One wonders why, but no explanation appears in the record.

3. I will note that if Robbins was requesting a conference pursuant to Local Rule 37.1, he was far from explicit.

local rules, "[w]hen the period of time ... allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded from the computation." Thus, if the request for a conference is deemed to have occurred on March 30th, under Local Rule 37.1, the defendants were prohibited from filing their motion until seven days, excluding Saturdays and Sundays, had elapsed. By my calculations, the motion should not have been filed until after April 8th.

■ It is apparent that Robbins was acting at the direction of Scott. Scott must take the responsibility for the violation of the Local Rules. The fact that all of Robbins' communications to Voltz and the date he gave for a response from Voltz were at a time when Scott knew Voltz was away from his office only makes the violation of the Local Rule more egregious. A sanction against Scott is warranted. Accordingly, pursuant to Local Rule 1.03[4] and the inherent power of the Court, Scott shall be ordered to pay $1500 into the Registry of the Court as a sanction for the violation.

### IV. The Facts (Part II)

The premature filing is not the end of the story. The motion which was filed contained the following certification signed by Crawford: "Counsel certify that David Scott and plaintiff's counsel conferred on the subject matter of this motion and were unable to resolve the issue." As Scott and Crawford now admit, that certification was manifestly false. They claim that the wrong certification was "mistakenly" affixed to the motion.

According to Scott, he prepared the memorandum of law in support of the protective order, and at the end of the memorandum, "included a certification by Attorney Robbins which stated: 'I hereby certify that on March 30, 1999, I attempted to confer with counsel for the Plaintiff by voice mail, and through a letter sent by facsimile and regular mail, in an effort to resolve the issues raised by the motion, but was unable to do so.' " *See* # 41, ¶¶ 11–12. Scott sent the memorandum of law to Crawford by e-mail, and Crawford prepared the actual motion for protective order. *Id.* at ¶¶ 12–13. Crawford wrote the certification on the motion and ".. did not include Brian Robbins' certification with the Defendants' Memorandum of Law." *Id.* at ¶ 14. In his affidavit, Crawford admits receiving an "Affidavit of Brian Robbins" presumably containing Robbins' certification; however, he inexplicably did not include it with the papers.[5] Rather, Crawford added a boilerplate certification because he "believed" that Scott and Voltz had conferred and were unable to resolve the issue. *See* # 40, ¶ 3.

### V. Analysis (Part II)

■ The problem with Crawford's explanation is that there is nothing in his affidavit which gives any indication as to why he believed Scott and Voltz had conferred. It seems that he just assumed it was done. This is a patently insufficient basis for making a certification to the Court. Before making the certification, Crawford had a duty in inquire as to the underlying facts which form the basis of the certification.

In my opinion, the signing of an untrue certification in circumstances in which no effort was made to determine if the certification was true or not warrants a sanction. Accordingly, pursuant to the inherent power of the Court, Crawford shall be ordered to pay $1500 into the Registry of the Court as a sanction for the violation.

---

**4.** Local Rule 1.03 provides:
> Failure to comply with any of the directions or obligations set forth in, or authorized by, these Local Rules may result in dismissal, default, or the imposition of other sanctions as deemed appropriate by the judicial officer.

**5.** A certification signed by Robbins would have been inappropriate as Robbins had not entered an appearance in the case; rather, based on the certification presumably contained in Robbins' Affidavit, Crawford could have signed a certification as follows: "I hereby certify that on March 30, 1999, Attorney Brian Robbins of the law firm of Scott & Scott attempted to confer with counsel for the plaintiff by voice mail, and through a letter sent by facsimile and regular mail, in an effort to resolve the issue raised by this motion, but was unable to do so." While this certification may not set forth "with particularity" why a conference was not held as required by Local Rule 37.1(B)(1), at least it would have been true.

## VI. Order

It is ORDERED that David R. Scott, Esquire, personally pay into the Registry of this Court the sum of $1500 as a sanction for violating Local Rule 37.1. It is FURTHER ORDERED that Ian Crawford, Esquire, personally pay into the Registry of this Court the sum of $1500 as a sanction for filing the certification required by Local Rule 37.1(B) which was untrue. It is FURTHER ORDERED that none of the funds used to make these payments come from the defendants and that no reimbursement for these payments be sought from the defendants.